1 BENJAMIN B. WAGNER
United States Attorney
2 KEVIN C. KHASIGIAN
Assistant U. S. Attorney
3 501 I Street, Suite 10-100
Sacramento, CA  95814
4 Telephone:  (916) 554-2700

5 Attorneys for the United States

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,                    2:13-MC-00008-JAM-KJN

12                    Plaintiff,                CONSENT JUDGMENT OF
                                                FORFEITURE
13          v.

14 APPROXIMATELY $14,840.00 IN U.S.
CURRENCY,
15
                    Defendant.
16

17

18          Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

19          1.      On September 27, 2012, the Drug Enforcement Administration (hereafter

20 "DEA") adopted the Approximately $14,840.00 in U.S. Currency (hereafter "defendant

21 currency") for federal forfeiture.  The DEA commenced administrative forfeiture

22 proceedings, sending direct written notice to all known potential claimants and

23 publishing notice to all others.  On or about November 6, 2012, the DEA received a

24 claim from Jonathan James Dumont ("Dumont") asserting an ownership interest in the

25 defendant currency.

26          2.      The United States represents that it could show at a forfeiture trial that on

27 August 21, 2012, an officer with the California Highway Patrol was on duty traveling

28 westbound on interstate 80 near the Donner Summit Rest Area, when he stopped a

                                            1

2012 Hyundai Sonata, driven by Dumont, for a traffic violation.  During the stop, Dumont became very nervous when asked about his travel plans and provided vague and inconsistent responses to the officer's questions.  Dumont admitted that he had a small amount of marijuana in the vehicle, but denied having any currency.  Officers conducted a consensual search of the vehicle and found the defendant currency inside a silver metal box in a suitcase along with another empty suitcase in the trunk.  Dumont admitted that he had intended to purchase seven pounds of marijuana with the defendant currency and had been working on the deal for two months.

3.     The United States could further show at trial that a drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

4.     The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5.     Without admitting the truth of the factual assertions contained above, Jonathan James Dumont specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Jonathan James Dumont agrees that an adequate factual basis exists to support the forfeiture of the defendant currency. Jonathan James Dumont acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Jonathan James Dumont shall hold harmless and indemnify the United States, as set forth below.

6.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

2

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.    The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.    Upon entry of this Consent Judgment of Forfeiture, $13,340.00 of the $14,840.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11.    Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $1,500.00 of the $14,840.00 in U.S. Currency shall be returned to potential claimant Jonathan James Dumont through attorney Shawn R. Perez.

12.    The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and

///

///

///

///

Consent Judgment of Forfeiture

410(4) of the Federal Rules of Evidence.

      15.    All parties will bear their own costs and attorney's fees.

        IT IS SO ORDERED.

DATED:   4/30/2013

/s/ John A. Mendez

JOHN A. MENDEZ
United States District Court Judge


## CERTIFICATE OF REASONABLE CAUSE

    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED:   4/30/2013

/s/ John A. Mendez

JOHN A. MENDEZ
United States District Court Judge